IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANTONIO MOORE,** | : | Case No. 1:02-cv-0430 |
| Plaintiff, | : | |
| v. | : | Judge Weber |
| **KROGER COMPANY, et. al.,** | : | |
| Defendants | : | _____ |
| | : | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT, THE KROGER COMPANY**
_____

**I.    INTRODUCTION**

In accordance with the Court's Scheduling Order, on September 17, 2003, Defendant The Kroger Company filed and served its Proposed Findings of Fact and Conclusions of Law along with its Motion for Summary Judgment. By agreement of all parties, the time for Plaintiff Antonio Moore to respond was extended to November 24, 2003. Plaintiff has filed a Memorandum in Opposition to the Motions for Summary Judgment. But Plaintiff has failed to comply with paragraph (5) of the Court's Scheduling Order requiring that he also file with the Court and serve upon the parties a response to Defendant Kroger's Proposed Findings of Fact and Conclusions of Law, indicating any of those proposed findings of fact which he considers not to be true and any statements of law which he considers not to be correct. Accordingly, Kroger respectfully requests that its proposed findings of fact be deemed to be true and its conclusions of law deemed to

be correct.

Notwithstanding the foregoing, Kroger hereby files its Reply to Plaintiff's Memorandum in Opposition in accordance with the Court's Scheduling Order. In the Memorandum in Opposition, Plaintiff asserts that the "facts of this case are vigorously disputed." (Pltf. Memo. Opp. p. 2). To the contrary, Kroger submits that any facts raised by Plaintiff which are "vigorously disputed" are not material facts. There is no genuine issue for trial which would overcome Kroger's entitlement to summary judgment since, based upon the undisputed material facts, there is an absence of evidence to support Plaintiff's claims against Kroger. **Celotex Corp.v. Catrett**, 477 U.S. 3117, 325 (1986).

## II. ARGUMENT

### A. KROGER IS NOT LIABLE PURSUANT TO 42 U.S.C. §1983 SINCE PLAINTIFF HAS FAILED TO RAISE A GENUINE ISSUE OF MATERIAL FACT AS TO THE REQUIRED ELEMENTS THAT KROGER ENGAGED IN PROHIBITED CONDUCT UNDER COLOR OF LAW.

As set forth in Kroger's Motion for Summary Judgment, in order for Plaintiff to prevail on his claim against Kroger under **42 U.S.C. § 1983**, he must prove that Kroger took prohibited action under color of law. **Adickes v. S.H. Kress & Co.**, **398 U.S. 144, 150 (1970)**. An action pursuant to **42 U.S.C. 1983** can not be based upon *respondeat superior*. **Monel v. Dept. of Social Services, 436 U.S. 658, 691**. Since the claim is based upon the alleged conduct of employees, Plaintiff does not pass this most fundamental hurdle for a **§ 1983** claim. Additionally, the arrest or seizure which is the basis for the **§ 1983** claim was made by officer Schulte who was a uniformed on-duty police officer who had no relationship with Kroger. Officer Schulte signed the criminal complaint. Therefore, even if *respondeat superior* did apply, no Kroger employee committed the alleged Fourth

Amendment violation.

In order to impose liability on a private retailer, Plaintiff must prove a preconceived plan to arrest the Plaintiff without any independent investigation by a police officer involved. **Morgan v. City of DeSoto, Texas**, 900 F.2d 811 (5th Cir. 1990). There is no such evidence in the instant case. The following facts are undisputed:

    1.    Officer McNeil was a city of Cincinnati police officer working an off-duty detail as a security guard for Kroger. He requested that Plaintiff move his truck out of the area marked "Reserved for Police Cars." (Pltf. dep. p. 26; McNeil dep. p. 43). Plaintiff did not comply with McNeil's request. (Pltf. dep. p. 40-41).

    2.    There were no Kroger employees outside the store area when officer McNeil asked Plaintiff to move his truck. (Pltf. dep. p. 40). No Kroger employee directed McNeil to tell Plaintiff to move his truck. (Pltf. dep. p. 42).

    3.    On prior occasions when Plaintiff had parked in the same reserved zone, when told to move his car he merely went on with his business in Kroger. (McNeil dep. p. 50-51). On this occasion Plaintiff did not go on with his business, but remained in the parking lot and confronted officer McNeil. That led officer McNeil to conclude that he had a "disorderly subject" and he asked for backup help from the police dispatcher. (McNeil dep. p. 53).

    4.    On-duty city of Cincinnati police officers Schulte and Bley independently responded to the request for assistance. (Schulte dep. p. 15; Pltf. dep. p. 56).

5. Plaintiff was put in handcuffs and arrested by officer Schulte based upon Schulte's determination that Plaintiff's cursing at him and other conduct presented a risk of harm warranting a disorderly conduct charge. (Schulte dep. p. 27, l. 11-25; 28, l. 1-10; 29; Pltf. dep. p. 52, l. 9-10; 56). Officer Schulte signed the criminal complaint against Plaintiff. (Schulte dep. p. 33-34, Ex. 2).

6. During the entire incident, there was no manager or other employee from the administration of Kroger in the vicinity and McNeil never attempted to contact anyone from Kroger about the incident. (McNeil dep. p. 55-56).

7. McNeil did not ask anyone from Kroger to sign a complaint against Plaintiff nor did McNeil ask Kroger if they wanted to have Plaintiff's vehicle towed. (McNeil dep. p. 63, l. 14-23). McNeil never spoke with a Kroger manager during the incident about the incident. (McNeil dep. p. 63-64).

The foregoing undisputed facts clearly show the "absence of evidence to support the nonmoving party's case," sufficient for summary judgment under **Celotex**. There is no evidence of any preconceived plan between Kroger and the police officers to arrest Plaintiff. There is no evidence that Kroger was jointly engaged with the police officers in the arrest of Plaintiff which allegedly violated his rights.

Plaintiff argues that Kroger is not shielded from liability under **§ 1983** on the grounds that officer McNeil as well as officers Schulte and Bley were not acting under color of state

law in arresting Plaintiff but rather were enforcing Kroger's parking policy. That contention is not correct. First, Plaintiff was arrested (seized) by officer Schulte who had no relationship to Kroger. Further, Plaintiff was arrested for an alleged violation of § 2917.11(A) of the Ohio Revised Code, namely, disorderly conduct. A copy of the Complaint setting forth that basis for his arrest is attached as Exhibit 2 to the deposition of officer Schulte. Plaintiff was tried on that charge. And, while the Court found that the evidence failed to sustain a conviction of disorderly conduct because of the lack of fighting words, the Court noted as follows:

> The evidence has shown one thing beyond a reasonable doubt, is that the defendant has not the best of manners, I would say bad manners, in your interaction, at least in terms of the police officers, could have been a lot better, but this is a case where speech is said to be legal. (Aff. Antonio Moore, Ex. A, p. 20).

Thus, although the Court dismissed the disorderly conduct charge, it also noted that the defendant's conduct "could have been a lot better." For purposes of Kroger's Motion for Summary Judgment, however, the critical fact is that Plaintiff's arrest was for a disorderly conduct charge made by an officer who was on duty. The documentary evidence (Schulte dep. Ex. 2), the transcript of the criminal proceeding on the disorderly conduct charge attached to the Affidavit of Plaintiff, and the testimony of the officers, (McNeil dep. p. 67; Schulte dep. p. 33-34; 50) constitute undisputed evidence that Plaintiff was arrested by officer Schulte for disorderly conduct not because he parked in the zone marked "Reserved for Police Cars."

The First District Court of Appeals case of **Evans v. Smith**, **97 Ohio App.3d 59 (1994)** and the decision in **Cooper v. City of Dayton, 120 Ohio App.3d 34 (1997)**, provide

further support that Kroger is entitled to summary judgment based upon the foregoing undisputed facts. Plaintiff's attempt to distinguish **Evans**, which is the leading Ohio case on liability of a private retailer for the actions of a security guard, on the grounds that there was no alleged violation of law involved in the actions of the security guard is misplaced for the reasons set forth above. The arrest was made by officer Schulte, who was not acting as a security guard but rather was an on-duty police officer, for disorderly conduct. Such an arrest is clearly within the scope of a Cincinnati police officer. And, under **Evans,** even where a uniformed, off-duty police officer such as officer McNeil makes an arrest in his capacity as a police officer there are no circumstances in which Kroger could be held vicariously liable for his conduct. **97 Ohio App.3d at 66**.

Further, if the uniformed security officer is acting in a dual capacity, Kroger could be held liable only if he was acting outside his public duties as a police officer and his conduct was within in the scope of his employment by Kroger and solely for the benefit of Kroger and authorized or ratified by Kroger. **97 Ohio App.3d at 66**. In this case, the actual arrest was made not by officer McNeil, who was the uniformed, off-duty police officer, but rather by on duty officer Schulte, who signed the Complaint. (Schulte dep. p. 33-34; Ex. 2). However, even if McNeil had made the arrest, since it was for disorderly conduct, a violation of the Ohio Revised Code, such arrest would clearly be within his public duties as a police officer and therefore would not provide a basis for vicarious liability of Kroger.

There is no evidence that any employee of Kroger attempted to influence McNeil or Schulte to arrest Plaintiff. Therefore, under **Evans**, there is no basis for vicarious liability

of Kroger for the actions of the police officers involved herein.[1]

Plaintiff's reliance upon a federal district court case from the state of Washington, **Groom v. Safeway, Inc., 173 F.Supp. 987 (W.D. Wash. 1997)**, is misplaced for several reasons. First, it is contrary to **Evans, supra,** and **Cooper, supra,** which set forth the law of the state of Ohio. Second, the facts in **Groom** are clearly distinguishable from those in the instant case. In **Groom**, an employee within the grocery store who suspected that a patron had shoplifted, solicited an off-duty police officer to pursue the suspect. In the instant case, it is undisputed that no Kroger employee played any part in the decision to arrest Plaintiff for disorderly conduct. Additionally, the court in **Groom** found that there was evidence that the grocery store had been reckless in failing to provide adequate training to the police officers it hired for security purposes. In the instant case, there is no such evidence.

Finally, Plaintiff's contention that officer McNeil as well as the on-duty officers Schulte and Bley "were acting pursuant to and in accordance with Kroger's parking policy, and not any state law or city ordinance which prohibited Moore from parking in the space" is misleading and not supported by any evidence. (Pltf. Memo. Opp. p. 10). First, there is not one scintilla of evidence that Kroger had a parking policy that patrons who parked in the spot marked "Reserved for Police Cars" should be arrested. Nor is there a scintilla of evidence that in this particular case any employee of Kroger directed officers McNeil,

---

[1] Plaintiff's contention that Kroger in any way misrepresented the legal authority of **Cooper v. City of Dayton, 120 Ohio App.3d 34 (1997)** is itself a misrepresentation. Kroger merely asserted that the Court in **Cooper** cited **Evans** with approval with respect to its analysis of the capacity which a police officer acting as a security officer is acting in making an arrest. (See Kroger Motion for Summary Judgment p. 10-11).

Schulte, or Bley to arrest Plaintiff for parking in the reserved space. To the contrary, the undisputed evidence is that there was no communication whatsoever between any employee of Kroger and officers McNeil, Schulte, or Bley in connection with the entire incident. Second, officers McNeil, Schulte and Bley do not contend that there was an ordinance which prohibited Plaintiff from parking in the reserved space. The material fact is the undisputed fact that Plaintiff was arrested by the police acting within the scope of their duties for disorderly conduct. (Schulte dep. Ex. 2).

Therefore, Plaintiff has failed to raise a genuine issue of material fact with respect to the required state actor requirement for the liability of Kroger.

### B. PLAINTIFF HAS FAILED TO PRESENT EVIDENCE OF A CONSPIRACY TO INTERFERE WITH HIS CIVIL RIGHTS REQUIRED FOR A CLAIM UNDER 42 U.S.C. § 1985.

Kroger can be held liable under **42 U.S.C. § 1985** on the basis of conspiracy only where Plaintiff presents evidence of an agreement between Kroger and another person to injure Plaintiff by unlawful action. **Hooks v. Hooks, 771 F.2d 935, 943-944 (6th Cir. 1985).** As set forth on pages 11-12 of Kroger's Motion for Summary Judgment, there is not one iota of evidence to support such a claim of conspiracy in the instant case. Therefore, Kroger is entitled to summary judgment with respect to such claim.

### C. IF THE COURT DISMISSES PLAINTIFF'S FEDERAL CLAIMS HEREIN, THERE IS NO BASIS FOR MAINTAINING FEDERAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

In its Motion for Summary Judgment, Kroger states the well established law that where a District Court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims

should ordinarily be dismissed without reaching their merits. **Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir. 1992)**. The instant case does not present one of the exceptional situations where the predicate factual findings necessary to the resolution of both the federal and state law claims are the same. See **Aschinger v. Columbus Showcase Co., 934 F.2d 1402, 1412 (6th Cir. 1991)**. Therefore, if the federal claims are dismissed, the general rule requiring dismissal of the state law claims for malicious prosecution, intentional infliction of emotional distress, false arrest, false imprisonment, tortious interference with business relations, retaliation, negligent supervision, and vicarious liability should be applied.

> **D.    PLAINTIFF HAS NOT PRESENTED EVIDENCE SUFFICIENT TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT WITH RESPECT TO ANY OF THE STATE LAW CLAIMS HEREIN.**

For sake of judicial economy, Kroger refers the Court to pages 12 through 19 of its Motion for Summary Judgment with respect to its entitlement to summary judgment on the substance of the state law claims. To the extent that Plaintiff briefly addresses the substance of Kroger's Motion for Summary Judgment with respect to the state law claims, he appears to rely primarily upon his position that the conduct of Defendant officers McNeil, Schulte, and Bley was acting solely to implement and enforce Kroger's private parking policy, not any state or local statute. For the reasons set forth in detail above, the undisputed documentary evidence, as well as the testimony of officers McNeil and Schulte, demonstrate that Plaintiff's position is untenable. Plaintiff was formally charged with a violation of R.C. 2917.11, Disorderly Conduct. There is no evidence of any private parking policy of Kroger to arrest patrons violating the "Reserved for Police Cars" sign. There is

no evidence that any employee of Kroger participated in any way in the decision of off-duty officer McNeil, and on-duty police officers Schulte and Bley, to arrest Plaintiff for disorderly conduct. No employee of Kroger signed the arrest complaint against Plaintiff.

Since it is undisputed that no employee of Kroger participated in the filing of the criminal complaint against Plaintiff or in continuing the prosecution thereof, and since there is the absence of any evidence of malice on the part of Kroger, Plaintiff's claim for malicious prosecution cannot succeed. **Garza v. Clarion Hotel, 119 Ohio App.3d 478, 482 (1st Dist. 1997); Criss v. Springfield Twp., 56 Ohio St.3d 82, 85 (1990).** Since the actual arrest was made by on-duty officer Schulte, who handcuffed Plaintiff and put him in the back of his own police vehicle, there is no evidence to support the required element of a false imprisonment charge of unlawful restraint by an employee of Kroger. **Clarion, supra, at 483**. And, for the same reason, there can be no retaliation claim against Kroger for an arrest by a police officer with whom it had no relationship.

Therefore, for all the reasons set forth in its Motion for Summary Judgment, Plaintiff has failed to present evidence sufficient to sustain the state law claims set forth in the Complaint.

## IV.     CONCLUSION

For all of the foregoing reasons, Defendant, The Kroger Company, is entitled to summary judgment on all of Plaintiff's claims herein.

Respectfully submitted,

  s/ Lawrence E. Barbiere
Lawrence E. Barbiere (0027106)
Attorney for Defendant
The Kroger Company
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH 45249-3703
(513)583-4210
(513)583-4203 (fax)
lbarbiere@schroederlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert E. Manley, Esq. W. Kelly Lundrigan, Esq. **Attorneys for Plaintiff**, Manley, Burke, 225 West Court Street, Cincinnati, OH 45202, Thomas Harris, Esq. **Attorney for Defendants, City of Cincinnati, McNeil, Schulte and Bley,** Assistant City Solicitor, City of Cincinnati, 214 City Hall, 801 Plum Street, Cincinnati, OH 45202.

  s/ Lawrence E. Barbiere
Lawrence E. Barbiere, (0027106)
Attorney for Defendant,
The Kroger Company
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-42l0
(513) 583-4203 facsimile
lbarbiere@schroederlaw.com