UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANTONIO MOORE** | : | C-1-02-430 |
| 3740 Washington Avenue | | |
| Cincinnati, Ohio 45229 | : | Judge Weber |
| Plaintiff, | : | |
| Vs. | : | CITY OF CINCINNATI POLICE OFFICERS MARCUS MCNEIL, |
| | : | MICHAEL SCHULTE AND DALE BLEY'S REPLY IN |
| | : | SUPPORT OF ITS MOTION |
| **CITY OF CINCINNATI, ET AL** | : | FOR SUMMARY JUDGMENT |
| Defendants | : | |

**I. <u>Plaintiff was not arrested for failing to move his car.</u>**

Plaintiff incorrectly states that the Officers arrested him for parking in a space "Reserved for Police" vehicles. *(Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment-page 1)*. The record from the case as evidenced by the depositions, and the Criminal Complaint filed by the arresting Officers against Plaintiff indicate that he was arrested and charged with disorderly conduct, a violation of O.R.C. 2917.11(A)(5) which defines disorderly conduct as:

> Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.

Officer McNeil repeatedly stated during his deposition that he arrested Plaintiff because of his abrasive and offensive conduct and not for parking in the space reserved for police officers. Specifically, Officer McNeil stated after being asked a series of questions during his deposition that:

1

> Q: Now are there different laws that govern reserved parking on public versus private lots, if you know?
>
> A. **We don't take action unless you're, like I said, in the –a marked fire lane or a handicapped space**.
>
> (McNeil Deposition - Pg. 37).

Officer McNeil further stated during his deposition that when patrons parked in the space reserved for police vehicles on prior occasions, he would kindly ask them to move and nothing else would transpire. During the deposition he stated specifically that:

> Q. For vehicles that were not police cars, parking in that space, what – how would you handle that situation?
>
> A. Well, by it being a posted sign, I've never had a problem until now – well, until then, with anybody parking in that parking space.
>
> Q. When you say "then," you mean the occasion with Mr. Moore?
>
> A. Correct. So anybody would read it would not park there.
>
> Q. Now if someone did park there that was a non-police vehicle, is that considered a parking infraction?
>
> A. It is for Kroger; yes.
>
> Q. **Okay and for – I mean, so would you issue a citation?**
>
> A. **No.**
>
> Q. How would you normally handle that if you're doing a patrol?
>
> A. Kindly ask them to move their car.
>
> Q. Okay. And if they do not move the car, what's your recourse?
>
> A. I, I can't say –well in this situation, it escalated to why we're here, but normally, they would move their car or we just wouldn't have that problem, period, because they'll just look at the sign and not park there.
>
> Q. Okay, but what I'm asking, Officer, is for example, an individual parks there, a non-police vehicle, and the sign is there, and I understand what you're saying that normally, you'll just kindly ask them to move their car and they do it. If

2

> *they do not, how do you resolve that situation?*
>
> *A. I would go inside and let the manager know.*
>
> *Q. Okay. And take it from there as to what the manager —*
>
> *A. Right.*
>
> *Q. – would want to do with it?*
>
> *A. Right.*
>
> *Q. Now on June of 2001, would you have handled it the same way, just notifying the manager of the – just hypothetically, again.*
>
> *A. If I, if I was able to get to that point, yes.*
>
> *(McNeil Deposition pgs. 32-35).*

As noted in the City of Cincinnati's et al's, Motion for Summary Judgment, Officer McNeil did not have the opportunity to do as he stated during his deposition and go inside and speak with a Kroger's manager about what to do concerning Plaintiff because Plaintiff became disorderly. This disorderly behavior prompted Officer McNeil to call for a backup Officer to assist him with the situation. *(McNeil Deposition. Pg. 53).*

Officer Schulte, similar to Officer McNeil also indicated that Plaintiff was not arrested for parking in a space reserved for police officers. Officer Schulte repeatedly stated that Plaintiff was being arrested for his disorderly behavior. It was because Plaintiff became so disorderly that Officer Schulte issued a Criminal Complaint against Plaintiff for disorderly conduct, a violation of O.R.C. 2917.11(A)(5). To this point, Officer Schulte stated the following during his deposition:

> *Q. Okay. Now, with respect to these signs on private lots, how do you enforce that as a police officer?*
>
> *A. On private property there's only a few signs that you can tow a vehicle from,*

3

> *like parked in a handicap spot, I'm not, I don't remember exactly what the other two are, but like I said I had never had to do that until that day. Like I said I don't know even really, had never worried about those signs.*
>
> *Q. Okay. Can you issue a citation to someone if they parked in a parking space that says reserved for police vehicles only on a private lot?*
>
> *A. I don't believe so.*
>
> *Q. What can you do then as a Cincinnati Police Officer to enforce it?*
>
> *A. To enforce a sign –*
>
> *Q. Correct.*
>
> *A. – that just says reserve for police cars?*
>
> *Q. Correct.*
>
> *A. I don't know, I could maybe try to call like Cincinnati Parking enforcement see if there was something they do, **but as far as I know there's really not a whole lot at that point that we could have done, like I said, that's why we didn't tow his truck.***
>
> *(Schulte deposition pgs. 43-44)*

Later during the deposition, Officer Schulte further stated the following:

> *Q. **The sign wasn't at issue when you made the arrest, is that correct?***
>
> *A. **No. If the sign would have been at issue, if I would have been trying to enforce the sign, I would have just towed his truck.***
>
> *Q. **It was actually, it was actually Mr. Moore's behavior that was at issue, correct?***
>
> *A. **Yes.***
>
> *(Schulte deposition pg. 50)*

**A.  Officer McNeil was not upset about Plaintiff failing to move his car.**

Later, during the deposition, Officer McNeil was asked by Plaintiff's counsel if he was upset or agitated by Plaintiff's failure to move the car. In response, Officer McNeil

4

stated the following:

> Q. Did you ever become agitated in dealing with Mr. Moore?
>
> A. No.
>
> Q. So the fact that Mr. Moore did not want to move his vehicle, that didn't bother you in any way?
>
> A. No, it didn't. In fact, if he'd just kept walking to the store, this probably would have been the same as any other occasion; that would have been that, but this day, he choose to stand outside and have a confrontation with me.
>
> *(McNeil Deposition pg. 64).*

**B.  Plaintiff's car was not towed form the parking space after he was arrested.**

A further illustration of the fact that Plaintiff was not arrested for failing to move his car from the parking space designated for police officers is the fact that Plaintiff's vehicle was never towed from the parking space after his arrest. In fact, prior to ending his shift, Officer McNeil told another police officer not to tow Plaintiff's car. Specifically, Officer McNeil stated the following during his deposition concerning this point:

> Q. Did you speak with any other Kroger employees, explain to them what had taken place?
>
> A. I think I may have talked to a manager and a police officer that was comin' on duty not to tow his vehicle, cause he had been taken to jail and that he would probably be out later on, so just he can – his car can stay there.
>
> *(McNeil Deposition pg. 71)*

Officer McNeil further stated during the deposition that:

> Q. Now you told them not to tow his vehicle. Was there some question that his vehicle was going to be towed or –
>
> A. Well, it's in violation of Kroger's sign. **I didn't want the next person to come – It was just basically, give him consideration for his vehicle while he was away**.

5

B.  *(McNeil Deposition pg. 71)*

## C. <u>The Trial Court's comments about Plaintiff's conduct.</u>

As further evidence that Plaintiff was not arrested for parking in the space reserved for police vehicles, the Honorable Judge John Howard Burlew while rendering his decision in favor of Plaintiff stated that:

> *The evidence has shown one thing beyond a reasonable doubt, is that the defendant has not the best of manners, I would say bad manners, in your interaction, at least in terms of the police officers, could have been a lot better, but this is a case where speech is said to be legal.*

*(Antonio Moore Affidavit- Exhibit A. Pg. 20)*

It is clear that the presiding Judge over Plaintiff's criminal case was speaking directly of Plaintiff's conduct and of his speech in the above passage. He clearly states that Plaintiff's conduct was bad. He also adds that Plaintiff's behavior concerning the situation could have been much better.

To be sure, this statement by the trial court corroborates the fact that Plaintiff was arrested and tried for his disorderly conduct and not because he parked in the space reserved for police cars. The parking space was simply the catalyst that put Plaintiff and the Officers together. It was Plaintiff's escalation of the events by his disorderly conduct after Officer McNeil asked him to move the vehicle that resulted in Plaintiff's arrest.

### Conclusion

For the above stated reasons, Officer Marcus McNeil, Officer Michael Schulte and Lt. Dale Bley are entitled to summary judgment as a matter of law on all of Plaintiff's claims raised herein.

Respectfully submitted,

J. Rita McNeil

City Solicitor

/s/ Thomas J. Harris
Thomas J. Harris (0065946)
Assistant City Solicitor
Room 214, City Hall
Cincinnati, Ohio 45202
(513) 352-3321
Fax: (513) 352-1515
Email: tom.harris@cincinnati-oh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following: Margaret Allen, Esq., William K Lundrigan Esq., Manley Burke, 225 W. Court Street, Cincinnati, Ohio 45202, Lawrence Barbiere, Esq. Schroeder, Maundrell, Barbiere & Powers, 11935 Mason Road, Suite 110, Cincinnati, Ohio 45249 and I hereby certify that I also have mailed this document by ordinary U.S. mail to the above referenced counsel this 9th day of December 2003.

/s/ Thomas J. Harris
Thomas J. Harris (0065946)
Assistant City Solicitor

Case 1:02-cv-00430-HJW    Document 29    Filed 12/09/2003    Page 8 of 8